# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF VIRGINIA

# HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE LLC<br><br>*Defendant* | Case No. 5:25-cv-00082<br><br><br><br>Lisa Weingarten Richards, Esq.<br><br>VSB #96671<br><br>LWR Law Offices<br><br>3060 Williams Dr<br><br>Ste 300 #510<br><br>Fairfax, VA 22031<br><br>*Tel.:* (202) 981-2059<br><br>lwr@lwrlawoffices.com<br><br>*Counsel for plaintiff* |

**MOTION FOR TEMPORARY RESTRAINING ORDER**

**TO THE HONORABLE COURT:**

Plaintiff Thomas Richards, through counsel, respectfully moves this Court for a Temporary Restraining Order (TRO) pursuant to Fed. R. Civ. P. 65(b) to immediately enjoin Defendant Google LLC from continuing its suppression of Plaintiff's religious content in search results and Google Alerts pending resolution of this litigation.[1]

**INTRODUCTION**

This case presents urgent constitutional violations requiring immediate judicial intervention. For over 16 years, Google—now an adjudicated illegal monopolist—has systematically suppressed Plaintiff's biblical religious expression while promoting competing institutional Catholic perspectives through its exclusive Vatican partnership. Federal courts have ruled that Google operates as an illegal monopolist that "substantially harmed Google's publisher customers" and "consumers of information on the open web" through "exclusionary conduct" and "artificial technical limitations." *United States v. Google LLC*, Case No. 1:23-cv-108, slip op. at 99, 115 (E.D. Va. Apr. 17, 2025).

The suppression operates through government entanglement that transforms private content moderation into state action, violating the First Amendment's Free Speech and Establishment Clauses. Google's systematic religious discrimination requires immediate cessation to prevent irreparable constitutional harm during litigation.

**STATEMENT OF FACTS**

---

[1] Counsel has arranged professional process service for the complaint and this TRO for same-day service in California, where business hours extend later than the Eastern time zone, ensuring prompt notice to Defendant despite the emergency nature and timing of this filing.

**A. Google's Adjudicated Illegal Monopoly Status**

Federal courts have definitively established Google's illegal monopoly power:

1. **August 2024**: Judge Amit Mehta ruled that "Google is a monopolist, and it has acted as one to maintain its monopoly" in violation of Sherman Act Section 2. *United States v. Google LLC*, 747 F. Supp. 3d 1, 32 (D.D.C. Aug. 5, 2024).

2. **April 2025**: Judge Leonie Brinkema ruled that Google operates illegal monopolies in digital advertising markets, finding Google "substantially harmed Google's publisher customers, the competitive process, and, ultimately, consumers of information on the open web" through systematic content manipulation. *United States v. Google LLC*, Case No. 1:23-cv-108, slip op. at 114-115 (E.D. Va. Apr. 17, 2025).

3. Attorney General Pamela Bondi declared this "a landmark victory in the ongoing fight to stop Google from monopolizing the digital public square." Press Release, U.S. Dep't of Just., Off. of Pub. Affs., Department of Justice Prevails in Landmark Antitrust Case Against Google (Apr. 17, 2025), https://www.justice.gov/opa/pr/department-justice-prevails-landmark-antitrust-case-against-google.

4. These federal proceedings established that Google operates YouTube and its other services as part of an integrated content control ecosystem. Federal courts found that Google's advertising platform "includes ads on Google search results pages, our network of partner sites, YouTube, Gmail, Maps, Discovery Feed, and apps," 25 with the ability to "manage campaigns that combine open-web display ads with Search, YouTube, and Gmail ads." *United States v. Google LLC*, Case No. 1:23-cv-108, slip op. at 25, 56 – fn 21 (E.D. Va. Apr. 17, 2025). This unified infrastructure enables Google's systematic

suppression to extend seamlessly across all properties, including YouTube, as part of a coordinated censorship campaign rather than separate platform policies.

**B. Systematic Religious Suppression Since 2009**

The suppression began immediately after Google's exclusive 2009 Vatican partnership—the only religious institution in Google's history to receive such preferential treatment. Vatican Going Digital with YouTube Channel, SPOKESMAN-REV. (Jan. 24, 2009), https://www.spokesman.com/stories/2009/jan/24/vatican-going-digital-with-youtube-channel/; Pope Channel Makes Debut on YouTube, CATH. NEWS AGENCY, https://www.catholicnewsagency.com/news/14866/pope-channel-makes-debut-on-youtube. In 2009, The Independent highlighted Mr. Richards' Vatican-critical content as the second search result for "Vatican," followed by immediate suppression across all Google properties. The Independent, Vatican launches YouTube channel, https://www.independent.co.uk/news/world/europe/vatican-launches-youtube-channel-1514238.html.

**Current Evidence of Ongoing Suppression:**

1. **Search Result Manipulation**: SpirituallySmart.com, which previously received nearly 1,000 daily visitors, now receives virtually no traffic from Google searches despite maintaining high-quality, relevant biblical content.

2. **Google Alerts Manipulation**: Google Alerts for "Tommy Richards" systematically prioritize individuals with minimal online presence—including an assistant college baseball coach with 2,602 followers, and personas stated to have positions involved with AI at various internet tech companies (Microsoft and Meta)—over Mr. Richards' 25-year

internet presence and established ministry with over 75,000 posts spanning 16 years and a total of over 25,000 followers despite intensive online shadowbanning/censorship for 16 years.

3. **Social Media Suppression**: When searching for his lawsuit case number "3 25 cv 916 ndtx," Google prominently displays posts from his obscure bot accounts (created January 2025, each with fewer than 20 followers) while completely hiding posts from his main account @tlthe5th (created 2009, 3,500+ followers, 75,000+ posts). This same pattern occurs with Google Alerts – alerts are generated for posts from these recent bot accounts while identical posts from @tlthe5th generate no alerts.

## C. Government Entanglement Creating State Action

Google's suppression operates through documented government coordination:

1. **Vatican-Government Alliance**: Trump's Religious Liberty Commission explicitly endorses Catholic Cardinal Timothy Dolan and Bishop Robert Barron as "Christian" representatives while Google systematically suppresses biblical criticism of the same institutions. Cardinal Dolan, Bishop Barron to Serve on Trump's New Religious Liberty Commission, NAT'L CATH. REG. (May 1, 2025) (Tyler Arnold), https://www.ncregister.com/cna/cardinal-dolan-bishop-barron-to-serve-on-trump-s-new-religious-liberty-commission.

2. **Federal AI Coordination**: Executive Order "Preventing Woke AI in the Federal Government" mandates that Google's AI systems comply with government-specified "neutrality" standards through federal contracting relationships. Executive Order, Preventing Woke AI in the Federal Government (July 23, 2025),

   https://www.whitehouse.gov/presidential-actions/2025/07/preventing-woke-ai-in-the-federal-government/.

3. **Direct Content Coordination**: DHS documents reveal systematic government coordination with Google for content suppression through formal "content request systems" requiring government email access. Ken Klippenstein & Lee Fang, DHS Leaks Reveal Coordination with Twitter, Facebook, & Others for 'Content Moderation,' 'Takedown Requests', THE INTERCEPT (Oct. 31, 2022), https://theintercept.com/2022/10/31/social-media-disinformation-dhs/.

## LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

Under Fed. R. Civ. P. 65(b), a TRO may be issued without notice when:

1. The movant will suffer immediate and irreparable injury
2. The movant is likely to succeed on the merits
3. The balance of hardships tips in favor of the movant
4. The public interest supports granting the TRO

## ARGUMENT

## I. PLAINTIFF FACES IMMEDIATE AND IRREPARABLE INJURY

### A. Ongoing Constitutional Violations

Google's systematic suppression constitutes ongoing constitutional violations that cause irreparable harm:

1. Google's suppression causes irreparable harm because courts consistently hold that "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

2. **Establishment Clause Violations**: Google's denominational preference for Catholic institutional content over biblical religious expression creates ongoing constitutional harm through government-coordinated religious discrimination.

## B. Continuing Economic Harm

Every day of continued suppression causes quantifiable harm:

1. **Lost Ministry Opportunities**: Suppression prevents potential supporters from discovering Mr. Richards' ministry, causing ongoing economic harm to his religious outreach that compounds daily and cannot be adequately remedied through monetary damages alone.

2. **Algorithmic Momentum Loss**: Search algorithm suppression creates compounding effects where continued invisibility reduces future organic discovery, making immediate intervention essential to prevent permanent audience loss.

## C. No Adequate Remedy at Law

Monetary damages cannot adequately compensate for:

- Loss of religious expression and ministry reach
- Constitutional violations affecting fundamental rights
- Ongoing suppression during litigation that compounds harm

- The unique nature of religious ministry that cannot be measured purely in economic terms

## II. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

### A. Strong Antitrust Claims

Federal courts have already established the key elements:

1. **Monopoly Power**: Google controls 89.2% of general search services and 94.9% of mobile search. *United States v. Google LLC*, No. 20-cv-3010 (D.D.C. Aug. 5, 2024), at 156.

2. **Anticompetitive Conduct**: Courts found Google uses "artificial technical limitations that made it harder for customers to do business with rivals"—precisely the mechanisms suppressing Mr. Richards' content. *United States v. Google LLC*, Case No. 1:23-cv-108, slip op. at 99, 108 (E.D. Va. Apr. 17, 2025).

3. **Harm to Competition**: Google's suppression eliminates competing religious viewpoints from the digital marketplace.

### B. Clear Constitutional Violations

1. **State Action**: Government coordination through Vatican partnerships, federal AI mandates, and content moderation systems creates sufficient entanglement to trigger constitutional constraints.

2. **Content-Based Restrictions**: Under *Reed v. Town of Gilbert*, Google's targeting of biblical religious content based on theological viewpoint constitutes content-based restriction subject to strict scrutiny. 576 U.S. 155, 163 (2015).

3. **Denominational Preference**: Google's preference for Catholic institutional content violates *Larson v. Valente*'s prohibition on denominational preferences. 456 U.S. 228, 244 (1982).

## C. Common Carrier Violations

Following Justice Thomas's framework in *Moody v. NetChoice*, which has also been supported by multiple scholars on both sides of the political spectrum, Google functions as a common carrier that cannot discriminate based on religious viewpoint while claiming to provide neutral information organization. 603 U.S. 707, 752 (2024) (Thomas, J., concurring); see also *Biden v. Knight First Amendment Inst. at Columbia Univ.*, 141 S. Ct. 1220, 1225 (2021) (Thomas, J., concurring).

## III. THE BALANCE OF HARDSHIPS TIPS DECISIVELY IN PLAINTIFF'S FAVOR

### A. Minimal Burden on Google

Requiring Google to provide equal treatment to Mr. Richards' religious content imposes minimal burden:

- No technical impossibility in providing equal search visibility

- Consistent with Google's own "Honest Results" policy promising "no special treatment." Our Approach, GOOGLE, https://www.google.com/intl/en_us/search/howsearchworks/our-approach/ (last visited Aug. 29, 2025).

- Aligns with constitutional obligations for essential public infrastructure

### B. Massive Continuing Harm to Plaintiff

Without immediate relief, Mr. Richards faces:

- Continued silencing of his 25-year online religious ministry

- Compounding algorithmic suppression that becomes harder to reverse

- Ongoing constitutional violations affecting fundamental rights

**IV. THE PUBLIC INTEREST STRONGLY SUPPORTS IMMEDIATE RELIEF**

**A. Constitutional Protection**

The public interest strongly supports preventing constitutional violations. As the Fourth Circuit has held, "upholding constitutional rights is in the public interest." *Legend Night Club v. Miller*, 637 F.3d 291, 303 (4th Cir. 2011). This principle applies with particular force when First Amendment rights are at stake, as "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Id.* at 302.

Moreover, preventing enforcement of likely unconstitutional restrictions imposes no harm on the defendant. The Fourth Circuit has recognized that "the State...is in no way harmed by issuance of an injunction that prevents the state from enforcing unconstitutional restrictions." *Id.* at 302-03. Here, requiring Google to cease systematic suppression of Plaintiff's religious content while litigation proceeds serves the constitutional mandate of protecting free speech and religious liberty in the digital marketplace.

**B. Religious Liberty Protection**

Virginia has a compelling interest in protecting religious expression, particularly given Virginia's participation in federal antitrust litigation against Google seeking "limits to Google business practices to end search engine monopoly." Press Release, Commonwealth of Va. Office of the

Attorney Gen., Virginia, Justice Department Seek Limits to Google Business Practices to End Search Engine Monopoly (Nov. 21, 2024), https://www.oag.state.va.us/media-center/news-releases/2807-november-21-2024-virginia-justice-department-seek-limits-to-google-business-practices-to-end-search-engine-monopoly.

**C. Competition and Free Speech**

The public benefits from:

- Diverse religious viewpoints in the digital marketplace

- Ending monopolistic suppression of constitutional rights

- Preventing religious discrimination by essential infrastructure providers

**PROPOSED ORDER**

WHEREFORE, Plaintiff respectfully requests that this Court enter a Temporary Restraining Order:

**IMMEDIATE RELIEF REQUIRED:**

1. **ORDERING** Defendant Google LLC to immediately cease suppression of Plaintiff's religious content in search results;

2. **ORDERING** Defendant to remove any internal algorithmic restrictions, manual suppression, suppression codes, or any other limitations targeting Plaintiff's content;

3. **ORDERING** Defendant to provide equal algorithmic and other treatment to Plaintiff's religious content comparable to other content creators;

4. **ORDERING** Defendant to cease manipulating Google Alerts to obscure Plaintiff's established digital identity while artificially promoting individuals with the same name but minimal online presence or relevance over Plaintiff's substantial digital footprint;

5. **ORDERING** Defendant to discontinue preferential algorithmic or other treatment for institutional Catholic content while suppressing Plaintiff's biblical religious viewpoints;

6. **RESTRAINING** Defendant from implementing any new suppression mechanisms targeting Plaintiff's religious expression during litigation;

7. **ORDERING** Defendant to file within 48 hours a sworn affidavit detailing all current algorithmic restrictions or manual limitations affecting Plaintiff's content across Google Search, Google Alerts, and related services, including its YouTube property;

8. **SETTING** this matter for preliminary injunction hearing within 14 days; and

9. **GRANTING** such other and further relief as this Court deems just and proper.

## CERTIFICATION OF IMMEDIATE NECESSITY

Counsel certifies this motion is made in good faith pursuant to Fed. R. Civ. P. 65(b)(1) and that immediate and irreparable injury will result to Plaintiff before Defendant can be heard in opposition. Google's systematic suppression continues daily, causing ongoing constitutional and economic harm that cannot be adequately remedied through monetary damages alone.

The evidence demonstrates clear likelihood of success on constitutional and antitrust claims against an adjudicated illegal monopolist, with minimal burden on Google to provide equal treatment while massive continuing harm to Plaintiff's fundamental rights requires immediate judicial intervention.

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**FINDINGS OF FACT:**

1. Federal courts have ruled that Google operates as an illegal monopolist in multiple markets directly affecting content creators' ability to reach audiences.

2. Google maintains exclusive partnerships with the Vatican and its allied entities while systematically suppressing biblical religious content critical of the same institutions.

3. The suppression operates through government coordination that creates state action subject to constitutional constraints.

4. Mr. Richards suffers daily economic and constitutional harm from ongoing systematic suppression.

5. Google's continued suppression employs the same "artificial technical limitations" and "exclusionary conduct" that federal courts found unlawful. *United States v. Google LLC*, Case No. 1:23-cv-108, slip op. at 99, 115 (E.D. Va. Apr. 17, 2025).

**CONCLUSIONS OF LAW:**

1. Plaintiff has demonstrated likelihood of success on claims for monopolization, constitutional violations, and common carrier discrimination.

2. Ongoing suppression causes irreparable harm that cannot be adequately remedied through monetary damages.

3. The balance of hardships tips decisively toward Plaintiff, as Google faces minimal burden while Plaintiff suffers massive continuing constitutional and economic injury.

4. The public interest favors immediate protection of constitutional rights and religious expression in the digital marketplace.

5. Emergency relief is necessary to prevent irreparable harm during litigation.

---

**DATED:** August 29, 2025

**Respectfully submitted,**

**/s/ Lisa Weingarten Richards**

Lisa Weingarten Richards
LWR Law Offices
3060 Williams Dr
Ste 300 #510
Fairfax, VA 22031
*Tel.:* (202) 981-2059
lwr@lwrlawoffices.com
VA BAR # 96671
NY BAR #4932570
*Counsel for Plaintiff*