# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF VIRGINIA

# HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE LLC<br><br>*Defendant* | Case No. 5:25-cv-00082 |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

This matter having come before the Court on Plaintiff's Motion for Temporary Restraining Order, and the Court having considered the motion, supporting declarations, exhibits, and applicable law, and finding that:

1. Plaintiff has demonstrated a substantial likelihood of success on the merits of his claims against Defendant Google LLC;

2. Plaintiff faces immediate and irreparable injury from Defendant's ongoing systematic suppression of his religious content that cannot be adequately remedied by monetary damages;

3. The balance of hardships tips decisively in favor of Plaintiff, as cessation of discriminatory algorithmic practices imposes minimal burden on Defendant while Plaintiff suffers massive continuing constitutional and economic harm;

4. The public interest favors protection of First Amendment rights and prevention of monopolistic religious discrimination in essential digital infrastructure;

5. Emergency relief is necessary to prevent irreparable constitutional harm during pendency of this litigation;

**IT IS HEREBY ORDERED:**

**IMMEDIATE CESSATION OF SUPPRESSION**

**1.** Defendant Google LLC, its officers, agents, servants, employees, and all persons in active concert or participation with Defendant, are immediately **RESTRAINED AND ENJOINED** from:

a. Suppressing, throttling, or reducing visibility of Plaintiff's religious content in Google Search results;

b. Applying any algorithmic restrictions, manual limitations, or "artificial technical limitations" specifically targeting Plaintiff's religious expression on SpirituallySmart.com, his social media accounts (@tlthe5th, Facebook.com/SpirituallySmart, and related accounts), or other digital content;

c. Manipulating Google Alerts to obscure or suppress notifications about Plaintiff Thomas Richards while artificially promoting individuals with the same name (Tommy or Thomas Richards) but minimal online presence or relevance over Plaintiff's substantial digital footprint;

d. Providing preferential algorithmic treatment to institutional Catholic content while suppressing biblical religious viewpoints that challenge the same institutions;

e. Implementing any new suppression mechanisms, algorithmic penalties, or content restrictions targeting Plaintiff's religious expression during pendency of this litigation.

**AFFIRMATIVE OBLIGATIONS**

**2.** Defendant is **ORDERED** to immediately:

a. Remove any internal codes, suppression codes, flags, algorithmic restrictions, or manual limitations specifically affecting the visibility or discoverability of Plaintiff's content across all Google services;

b. Provide standard, non-discriminatory algorithmic treatment to Plaintiff's content at least equivalent to the organic search visibility achieved as of January 1, 2009 and without artificial restrictions, penalties, or suppression mechanisms;

c. Restore normal search engine optimization benefits and organic discovery mechanisms for Plaintiff's content that were available prior to 2009 and are currently available to other content creators;

**TRANSPARENCY AND ACCOUNTABILITY**

**3.** Within **forty-eight (48) hours** of entry of this Order, Defendant shall file with this Court a sworn affidavit executed by a senior Google technical officer with direct knowledge, detailing:

a. All algorithmic restrictions, manual limitations, or suppression mechanisms affecting Plaintiff's content across Google Search, YouTube, Google Alerts, and related services that were in effect at the time Defendant was served with Plaintiff's complaint and the TRO motion, including the duration, scope, and technical implementation of each such restriction;

b. All partnerships, agreements, or coordination with religious institutions including the Vatican that affect search result rankings or content visibility;

c. All government coordination, including federal AI compliance programs, that influences content moderation decisions affecting religious expression;

d. The specific technical steps taken to comply with paragraphs 1 and 2 of this Order.

**4.** Defendant is **ORDERED** to preserve all records, logs, communications, and documentation relating to Plaintiff's content treatment, algorithmic restrictions, or manual limitations from the inception of Plaintiff's online presence through the present, including but not limited to system logs, policy changes, manual review decisions, and interdepartmental communications regarding Plaintiff's content or accounts.

**SCOPE AND DURATION**

**5.** This Temporary Restraining Order shall remain in effect for **fourteen (14) days** from entry unless extended by further order of this Court.

**6.** A preliminary injunction hearing is hereby **SCHEDULED** for _____, 2025, at _____ a.m./p.m. by videoconference, unless the Court directs otherwise. If conducted in person, the hearing shall be held in Courtroom _____, United States Courthouse, 116 North Main Street, Harrisonburg, Virginia 22802.

**7.** Defendant shall serve a copy of this Order on all affected divisions, departments, and personnel responsible for search algorithms, content moderation, and religious content policies.

**BOND WAIVED**

**8.** Given that Google publicly represents through its "Honest Results" policy that it provides neutral search results without "special treatment based on personal or financial relationships," requiring Google to comply with its own stated policies should impose no financial burden. Google claims no cost is associated with providing unbiased results, as this represents their standard operating procedure rather than additional services. Additionally, given the constitutional nature of Plaintiff's claims and the public interest in preventing religious discrimination by an adjudicated illegal monopolist, the bond requirement under Fed. R. Civ. P. 65(c) is WAIVED.

**ENFORCEMENT**

**9.** Violation of this Order may result in sanctions for contempt of court under 18 U.S.C. § 401 and Fed. R. Civ. P. 70.

**10.** This Order is effective immediately upon entry and shall be served on Defendant by all methods permitted under Fed. R. Civ. P. 4 and 5.

**11.** The Clerk is directed to serve this Order on Defendant immediately by electronic mail and other expeditious means.

**ENTERED this \_\_\_\_ day of _____, 2025.**

_____
**JASMINE H. YOON**
**UNITED STATES DISTRICT JUDGE**