# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF VIRGINIA

# HARRISONBURG DIVISION

THOMAS RICHARDS

*Plaintiff,*

v.

GOOGLE LLC

*Defendant*

Case No. 5:25-cv-00082 – MFU - JCH

Lisa Weingarten Richards, Esq.

VSB #96671

LWR Law Offices

3060 Williams Dr

Ste 300 #510

Fairfax, VA 22031

*Tel.:* (202) 981-2059

lwr@lwrlawoffices.com

*Counsel for plaintiff*

**PLAINTIFF'S MOTION UNDER RULE 12(d) AND RULE 56(d) FOR DISCOVERY BEFORE RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Thomas Richards, pursuant to Federal Rule of Civil Procedure 12(d) and Rule 56(d), respectfully moves this Court to defer ruling on Defendant Google LLC's Motion to Dismiss (Dkt. 23-24) pending targeted discovery.

Defendant's motion attaches materials outside the pleadings. Under Rule 12(d), if the Court considers those materials, Plaintiff is entitled to a reasonable opportunity to conduct discovery. Plaintiff cannot adequately oppose summary judgment without discovery of information uniquely within Google's possession regarding its business practices, public representations, and content treatment decisions.

In support of this motion, Plaintiff submits the accompanying Declaration of Thomas Richards and this memorandum of law.

---

**INTRODUCTION**

This case was filed August 22, 2025. The Amended Complaint was filed September 19, 2025. Defendant has filed a Motion to Dismiss (ECF Nos. 23-24) that attaches materials outside the pleadings, specifically Exhibit A: a court decision from State of Ohio ex rel. Dave Yost v. Google LLC, Case No. 21-CV-H-06-0274 (Delaware County, Ohio Common Pleas, Aug. 15, 2025).

Under Federal Rule of Civil Procedure 12(d), if the Court considers these materials outside the pleadings, the motion must be treated as one for summary judgment, and Plaintiff must be given a reasonable opportunity to present pertinent material through discovery.

Plaintiff cannot adequately oppose summary judgment without discovery of information uniquely within Google's possession regarding: (1) Google's partnership agreements with

religious institutions; (2) internal communications about content treatment decisions; (3) algorithm documentation affecting religious content; and (4) traffic and revenue data for Plaintiff's website.

This motion preserves Plaintiff's right to discovery under Rule 12(d) and demonstrates entitlement to relief under Rule 56(d).

---

**LEGAL STANDARD**

**I. Rule 12(d) Requires Opportunity for Discovery Before Conversion**

Federal Rule of Civil Procedure 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. **All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.**" Fed. R. Civ. P. 12(d) (emphasis added).

The Fourth Circuit has explained that Rule 12(d)'s "reasonable opportunity" requirement includes both notice of conversion and the opportunity for discovery. When a defendant files materials outside the pleadings with a Rule 12(b)(6) motion, the opposing party is "on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). Once on notice of potential conversion, "a party must be afforded a reasonable opportunity for discovery before a Rule 12(b)(6) motion may be converted and summary judgment granted." *Id.* (quoting *Johnson v. RAC Corp.*, 491 F.2d 510, 515 (4th Cir. 1974)); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471-72 (4th

Cir. 1991). This motion provides the required request for discovery before any conversion occurs.

Defendant's filing of materials outside the pleadings provides notice that conversion may occur. This motion provides the required request for discovery.

**II. Rule 56(d) Governs Discovery Requests**

Federal Rule of Civil Procedure 56(d) provides the mechanism for requesting discovery: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

The Fourth Circuit has held that "summary judgment should only be granted 'after adequate time for discovery'" and "should be denied when 'outstanding discovery requests on material issues exist.'" *Goodman v. Diggs*, 986 F.3d 493, 500 (4th Cir. 2021) (quoting *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014); *Raynor v. Pugh*, 817 F.3d 123, 130 n.5 (4th Cir. 2016)). This is because "[s]ummary judgment before discovery forces the non-moving party into a fencing match without a sword or mask." *Goodman*, 986 F.3d at 500 (quoting *McCray*, 741 F.3d at 483). The Fourth Circuit has "not hesitated to vacate a grant of summary judgment issued before adequate discovery has occurred." *Id.*

To obtain Rule 56(d) relief, a party must demonstrate through affidavit that the discovery sought is "essential to his opposition" and would "create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir.

2014). Summary judgment must be refused where the nonmovant "has not had the opportunity to discover information that is essential to his opposition." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996).

---

**ARGUMENT**

**I. Defendant's Motion Includes Materials Outside the Pleadings**

Defendant styled its motion as a "Motion to Dismiss" under Rule 12(b)(6) but attached materials outside the pleadings, specifically Exhibit A: a court decision from *State of Ohio ex rel. Dave Yost v. Google LLC*, Case No. 21-CV-H-06-0274 (Delaware County, Ohio Common Pleas).

Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

The filing of materials outside the pleadings puts Plaintiff on notice that conversion may occur and triggers Plaintiff's right to request discovery before any ruling.

**II. The Ohio Case Is Directly Relevant to Discovery Sought**

The Ohio summary judgment decision Defendant attached addresses Google's editorial control over search results and content curation practices. The Ohio court found that Google "creates its own product" through editorial decisions about what content to display and how to rank it. *State of Ohio ex rel. Dave Yost v. Google LLC*, Case No. 21-CV-H-06-0274, slip op. at 11 (Del. Cty. Ohio C.P. Aug. 15, 2025).

This finding is directly relevant to Plaintiff's claims because it describes the mechanisms through which Google exercises control over content visibility - the same mechanisms Plaintiff alleges were used to suppress his religious expression while favoring institutional Catholic content.

The discovery Plaintiff seeks is necessary to determine how Google actually exercises the editorial control described in the Ohio decision. Specifically:

- **Partnership agreements** would show whether Google's editorial decisions favor certain religious institutions despite public claims of neutrality

- **Internal communications** would reveal the decision-making process behind content treatment

- **Algorithm documentation** would show how Google implements its editorial control over religious content

- **Traffic data** would demonstrate the impact of Google's editorial decisions on Plaintiff's content

The Ohio court's description of Google's editorial control makes discovery of Google's actual editorial practices directly relevant to opposing any reliance on that decision. If the Court considers the Ohio case, Plaintiff is entitled to discovery showing how Google's editorial practices actually operate with respect to religious content.

**III. Plaintiff Cannot Present Facts Essential to Oppose Summary Judgment Without Discovery**

As demonstrated in the accompanying Declaration at ¶¶ 2-5, 21-26, Plaintiff cannot adequately oppose summary judgment without discovery of information uniquely within Google's possession.

**No Discovery Has Occurred:** This case was filed August 22, 2025. No scheduling order has been issued; no Rule 26(f) conference has occurred, and discovery has not commenced. Plaintiff cannot be faulted for lack of discovery when the procedural framework for discovery does not yet exist.

**Scheduling Conference Does Not Cure the Problem:** A scheduling conference is set for November 6, 2025. Even after that conference establishes a discovery framework, Plaintiff will need time to conduct the targeted discovery described herein. Yet Plaintiff's response to the Motion to Dismiss is due October 31, 2025 -- before any discovery framework exists. Defendant has converted its motion into one requiring consideration of matters outside the pleadings by attaching extrinsic information. The Court cannot expect Plaintiff to oppose such materials before Plaintiff has had opportunity to conduct discovery.

**Essential Evidence Is Within Google's Exclusive Control:** The information needed to oppose the motion -- Google's internal partnerships, communications, algorithm changes, and traffic data—exists only in Google's systems and cannot be obtained elsewhere.

**Claims Require Proof of Internal Business Practices:**

- **Fraudulent Misrepresentation:** Requires proof that Google's public "Honest Results" representations are contradicted by internal partnership agreements or content treatment decisions

- **VCPA:** Requires proof of systematic deceptive practices through comparison of public statements with internal business records

- **Tortious Interference:** Requires proof of intentional conduct affecting business relationships, shown through algorithm documentation and traffic data

- **Constitutional Claims:** Require proof of government coordination and content treatment decisions showing state action

These elements cannot be proven without Google's internal documents.

**IV. Plaintiff Has Identified Specific, Targeted Discovery**

Unlike cases where Rule 56(d) fails due to vague requests, Plaintiff has identified specific categories of targeted discovery. Declaration ¶¶ 6-19.

Each category is:

- **Specific:** Identifies particular types of documents, not general "all documents" requests

- **Relevant:** Directly supports or defeats claim elements

- **Reasonable in scope:** Limited to specific business relationships and time periods

- **Non-duplicative:** Each serves a distinct purpose

**Example:** "Documents showing agreements, contracts, or understandings between Google and Vatican entities regarding the 2009 YouTube channel partnership that The Independent article described as the first time any religious institution received such treatment from Google." Declaration ¶ 6.

This is precisely the type of targeted discovery Rule 56(d) is designed to allow.

## V. Discovery Would Preclude Summary Judgment on Key Claims

The Declaration explains how each discovery category relates to specific claims. Declaration ¶¶ 23-26.

**Vatican Partnership Documents:** Would show whether Google's "Honest Results" policy claiming "no special treatment based on personal or financial relationships" accurately describes Google's business practices, creating factual dispute about false representations for fraud and VCPA claims.

**Government Coordination Documents:** Would show whether Google's content decisions involve government entanglement sufficient to create state action for constitutional claims.

**Internal Communications:** Would show whether Google made deliberate decisions affecting Plaintiff's content visibility, establishing intent for tortious interference claims.

**Algorithm Documentation:** Would show whether traffic decline resulted from targeted suppression or neutral algorithm factors, creating factual dispute on causation.

**Traffic Data:** Would quantify economic impact and establish damages for all claims.

Without discovery, Plaintiff must rely solely on publicly available information while Google controls all direct proof of its internal decision-making.

## VI. Plausible Grounds Exist That Discovery Will Reveal Material Facts

### A. Public Documentation Creates Plausible Belief

Multiple public sources create plausible belief that internal documents exist:

**2009 Vatican Partnership:** News articles document Google's YouTube partnership with the Vatican. *See* Vatican Going Digital with YouTube Channel, SPOKESMAN-REV. (Jan. 24, 2009). https://www.spokesman.com/stories/2009/jan/24/vatican-going-digital-with-youtube-channel/. Partnership agreements must exist for such arrangements.

**The Independent Article:** The January 2009 article specifically mentioned Plaintiff's content as appearing second in Vatican-related searches. Google must have records from this time period. The Independent, "Vatican launches YouTube channel," available at https://www.independent.co.uk/news/world/europe/vatican-launches-youtube-channel-1514238.html.

**Federal Court Findings:** Federal courts in antitrust litigation found Google maintains extensive internal documentation. *United States v. Google LLC*, Case No. 1:23-cv-108, slip op. at 99 (E.D. Va. Apr. 17, 2025) (finding Google uses documented systems for content treatment). *United States v. Google LLC*, 747 F. Supp. 3d 1, 38 (D.D.C. Aug. 5, 2024) (finding "Google is a monopolist, and it has acted as one to maintain its monopoly" through systematic practices revealed through discovery).

**B. Observable Traffic Patterns Support Discovery**

Plaintiff's website traffic declined dramatically beginning after the 2009 article and has remained suppressed since. Declaration ¶ 32. This pattern creates plausible belief that Google's internal systems contain data explaining this decline.

**C. Google's Public Statements Create Strong Inference**

Google has made extensive public statements about search neutrality and its "Honest Results" policy. Internal documents must exist showing how these policies are actually implemented, and whether they accurately describe Google's practices.

**D. Multiple Relevant Events Create Ongoing Discovery Need**

Discovery is needed for events spanning 2009-2025:

- 2009 Vatican YouTube partnership and beginning of traffic decline

- 2024 and 2025 federal court findings that Google operates illegal monopolies (*United States v. Google LLC*, D.D.C. Aug. 5, 2024; *United States v. Google LLC*, E.D. Va. Apr. 17, 2025)

- Google's continuing public representations about "honest results" (Our Approach, GOOGLE, https://www.google.com/intl/en_us/search/howsearchworks/our-approach/)

- Ongoing continuous traffic suppression through present day

These events are relevant not only to statute of limitations issues but also to understanding the scope of discovery needed across Google's business practices, government relationships, and content moderation systems spanning multiple years.

Each creates separate discovery needs regarding Google's business practices, public representations, and content treatment decisions during different time periods.

**VII. Plaintiff Has Been Diligent**

Plaintiff filed this motion within days of Defendant's filing and well before the response deadline. The case is only six weeks old; no scheduling order exists, and no discovery framework has been established. Cases denying Rule 56(d) relief involve parties who had extended

discovery periods and failed to pursue it. See *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002).

**VIII. Rule 12(d) Requires Discovery When Materials Outside Pleadings Are Presented**

The central issue is straightforward: Defendant attached materials outside the pleadings to its Motion to Dismiss. Rule 12(d) mandates that when this occurs, "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Plaintiff has not had a reasonable opportunity for discovery. The case is only 6 weeks old, no scheduling order has been issued, no Rule 26(f) conference has occurred, and discovery has not yet commenced under the Federal Rules.

Rule 12(d) exists precisely for this situation - to ensure parties are not ambushed with summary judgment treatment on a motion to dismiss without the opportunity to conduct discovery. Plaintiff now seeks that discovery before any ruling on Defendant's motion.

Plaintiff requests 90-120 days for targeted discovery. This is reasonable given:

- Limited scope (five specific categories)
- Importance to claim elements
- Need for document production, review, potential depositions
- Standard federal court discovery timelines

The Court can impose reasonable limits while allowing Plaintiff to obtain essential evidence. The alternative—dismissing claims before Plaintiff can obtain supporting evidence—violates Rule 12(d)'s mandate of "reasonable opportunity."

**IX. At Minimum, Discovery Should Be Allowed on State Law Claims**

Even if the Court is inclined to dismiss some claims, discovery should be allowed on Plaintiff's state law claims for fraudulent misrepresentation, VCPA violations, and tortious interference.

These claims involve provable facts about:

- What Google represented publicly (documented)

- What Google actually did internally (requires discovery)

- What economic harm resulted (requires discovery)

State law claims are independently viable and can be proven through Google's business records. At minimum, discovery should proceed on these claims.

---

**CONCLUSION**

Defendant's filing of materials outside the pleadings invokes Rule 12(d)'s requirement that Plaintiff be given a reasonable opportunity for discovery before the motion is treated as one for summary judgment. Plaintiff has satisfied all Rule 56(d) requirements for obtaining that discovery.

The Court should defer ruling on Defendant's Motion to Dismiss pending 90-120 days of targeted discovery, after which Plaintiff will file a supplemental opposition addressing any summary judgment issues.

In the alternative, if the Court is inclined to rule on some claims, the Court should at minimum allow discovery on Plaintiff's state law claims for fraudulent misrepresentation, VCPA violations, and tortious interference before ruling.

Dated: October 7, 2025

Respectfully submitted,

Lisa Weingarten Richards

LWR Law Offices

3060 Williams Dr, Ste 300 #510

Fairfax, VA 22031

Tel.: (202) 981-2059

lwr@lwrlawoffices.com

VA BAR # 96671

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2025, a true and correct copy of the foregoing document was served upon all parties of record via the Court's ECF system.

/s/ Lisa Weingarten Richards

Lisa Weingarten Richards