# DECLARATION OF THOMAS RICHARDS IN SUPPORT OF RULE 12(d) AND RULE 56(d) MOTION FOR DISCOVERY

I, Thomas Richards, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

## 1. BACKGROUND AND INABILITY TO OPPOSE WITHOUT DISCOVERY

1. I am the Plaintiff in this action and have personal knowledge of the facts set forth in this declaration.

2. I operate SpirituallySmart.com, a religious website I created around 2000 that features biblical commentary, religious content, and criticism of institutional religious corruption.

3. Defendant filed its Motion to Dismiss on October 3, 2025.

4. Defendant's motion includes materials outside the pleadings. If the Court considers these materials, I cannot adequately oppose summary judgment without discovery of information uniquely within Google's possession

## 2. SPECIFIC DISCOVERY NEEDED

5. I need discovery of the following categories of documents to oppose any summary judgment motion:

### A. Vatican Partnership Documents (2009-Present)

6. Documents showing agreements, contracts, or understandings between Google and Vatican entities regarding the 2009 YouTube channel partnership that The Independent article described as the first time any religious institution received such treatment from Google.

7. I need these documents to determine whether Google's public representations about providing "honest results" with "no special treatment based on personal or financial relationships" are accurate, or whether Google has provided preferential treatment to Vatican-affiliated content.

**B. Internal Communications About My Content**

8. Internal Google communications from January 2009 regarding The Independent article that featured my Vatican-critical content as the second search result for "Vatican" on YouTube.

9. Communications from 2009-present regarding any decisions to modify how my website or social media content appears in search results.

10. I need these documents because my website traffic declined dramatically after The Independent article, and I need to determine whether this was due to algorithm changes targeting my content or organic factors.

**C. Search Algorithm Documentation**

11. Documentation of any algorithm changes from 2009-present that affected how religious content, particularly content critical of religious institutions, appears in search results.

12. Documentation of how Google Alerts determines which "Thomas Richards" results to prioritize, given that Google Alerts consistently shows other individuals with minimal online presence rather than my 25-year digital presence.

13. I need this information to determine whether the reduction in my website visibility was due to neutral algorithm factors or targeted suppression.

**D. Revenue and Traffic Data**

14. Data showing traffic patterns for SpirituallySmart.com through Google's systems from 2008-present, particularly around January 2009 when The Independent article was published.

15. Comparative data showing how similar religious content from other sources was treated during the same time periods.

16. I need this data to quantify the economic impact and to determine whether the traffic decline was specific to my content or affected all similar content equally.

**E. Government Coordination Documents**

17. Communications between Google and government entities regarding content moderation policies, AI development standards, or religious content treatment.

18. Documents relating to any federal contracts requiring Google to implement specific AI content standards.

19. I need these documents to determine whether Google's content decisions affecting my religious expression involve government coordination that would create constitutional issues.

## 3. WHY DISCOVERY HAS NOT BEEN OBTAINED

20. No scheduling order has been issued and no Rule 26(f) conference has occurred. Discovery has not yet commenced under the Federal Rules.

21. All the information I seek is exclusively within Google's possession. I cannot obtain it elsewhere.

22. I have been diligent in prosecuting this case but have had no opportunity to conduct discovery before facing Defendant's motion.

## 4. HOW DISCOVERY WOULD ASSIST MY OPPOSITION

23. **For Fraudulent Misrepresentation Claims:** Vatican partnership documents would show whether Google's "honest results" policy accurately describes its practices, or whether Google provides special treatment based on institutional relationships while publicly denying doing so.

24. **For VCPA Claims:** The same partnership documents and internal communications would show whether Google's public representations about neutrality constitute deceptive trade practices.

25. **For Tortious Interference Claims:** Traffic data and algorithm documentation would show whether my reduced website visibility resulted from intentional business interference or neutral factors.

26. **For Constitutional Claims:** Government coordination documents would show whether Google's content decisions involve sufficient government entanglement to create state action.

27. Without this discovery, I must oppose summary judgment based solely on publicly available information and my own internal website data while Google controls all direct evidence of its internal decision-making.

## 5. PLAUSIBLE BASIS FOR BELIEVING DISCOVERY EXISTS

28. I have plausible grounds for believing this discovery exists because:

29. **Public Documentation of Vatican Partnership:** News articles from 2009 document Google's exclusive YouTube partnership with the Vatican. Partnership agreements and related communications must exist.

30. **The Independent Article:** The January 2009 Independent article specifically mentioned my content. Google must have internal records from this time period.

31. **Federal Court Findings:** Federal courts found that Google maintains extensive internal documentation of its search algorithms and content treatment decisions in the antitrust cases.

32. **My Observed Traffic Decline:** My website traffic declined dramatically shortly after January 2009 and has remained suppressed. Google's internal systems must contain data explaining this decline.

33. **Google's Public Statements:** Google has made extensive public statements about its search neutrality and algorithm operations. Internal documents must exist showing whether these statements are accurate.

## 6. DILIGENCE

34. I filed this action promptly after recognizing the full scope of my claims.

35. I cannot be faulted for lack of discovery when no scheduling order has been issued and discovery has not yet commenced under the Federal Rules.

36. I am requesting discovery at the first appropriate opportunity.

## 7. REQUESTED RELIEF

37. I request that the Court defer ruling on Defendant's motion and allow me time to conduct the targeted discovery described above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of October, 2025, in Virginia.

/s/ Thomas Richards

Thomas Richards