IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE LLC<br><br>*Defendant* | Case No. 5:25-cv-00082 – MFU - JCH<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>LWR Law Offices<br>3060 Williams Dr<br>Ste 300 #510<br>Fairfax, VA 22031<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

**<u>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY UNDER RULES
12(d) AND 56(d)</u>**

**INTRODUCTION**

Plaintiff filed this discovery motion in direct response to the Court's Roseboro Notice (ECF No. 25), which was specifically addressed to Plaintiff and stated: "The purpose of this notice is to advise Plaintiff(s) of his or her right to respond to and oppose the Motion in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Please carefully review this information when preparing your response." ECF No. 25 at 1.

The Notice explicitly warned that Defendant's motion "may" be construed as summary judgment if materials beyond the pleadings are considered: "If either Plaintiff or Defendant(s) submits information beyond the allegations in the complaint such as evidence, documents, or affidavits, the Court may construe the Motion as a Motion for Summary Judgment under Rule 56." Id. The Notice then specifically identified Rule 56(d) as available relief, stating "the nonmoving party may request discovery to oppose a motion for summary judgment. See Rule 56(d)..." Id. at 2.

The Roseboro Notice was issued October 3, 2025. Plaintiff filed the instant discovery motion on October 7, 2025, in direct response to the Notice. The Court then referred Plaintiff's discovery motion to Magistrate Judge Hoppe for ruling. ECF No. 26. Six days have passed since the Roseboro Notice issued, and the Court has neither retracted the Notice nor indicated it was issued in error. Instead, the Court has allowed the matter to proceed to briefing and referral to the Magistrate Judge. Plaintiff carefully reviewed the Notice as instructed and filed the discovery motion in accordance with the procedural protections the Court's Notice identified.

Defendant now argues this was unnecessary because the attached Ohio opinion is merely "legal authority" that should not trigger conversion. But the Court—not Defendant—decides whether conversion occurs. The Court's Notice put Plaintiff on notice of potential conversion and instructed Plaintiff to carefully review the information provided. Plaintiff acted appropriately in

seeking the protection Rule 56(d) provides under circumstances where the Court's own notice warned conversion may occur and remains in effect without retraction or correction.

The distinction is critical: Defendant dismissively characterizes the Ohio opinion as routine "legal authority" no different from any cited case. ECF No. 27 at 2, 4. But the Ohio opinion is **not** general legal precedent applicable to all parties; it is a judicial decision containing factual findings specifically about this Defendant's business operations. The Court's issuance of a Roseboro Notice suggests the Court recognized this distinction: attaching factual findings about the specific defendant in this action is materially different from citing established legal precedent, which is why Rule 12(d) conversion procedures were triggered.

**ARGUMENT**

**I. The Court's Roseboro Notice Authorized This Motion**

The Roseboro Notice specifically informed Plaintiff that:

1. **Conversion may occur**: "the Court may construe the Motion as a Motion for Summary Judgment under Rule 56" if materials beyond pleadings are submitted. ECF No. 25 at 1.

2. **Rule 56(d) provides relief**: "the nonmoving party may request discovery to oppose a motion for summary judgment. See Rule 56(d)..." ECF No. 25 at 2.

3. **Extended response time was provided**: The Court gave Plaintiff 28 days to respond instead of the standard 14 days under Local Rule 11(c)(1), suggesting the Court recognized the complexity of responding to a motion with attached materials.

Plaintiff reasonably relied on the Court's guidance. When a court's notice warns that conversion may occur and identifies Rule 56(d) as available relief, a plaintiff acts prudently, not baselessly, by seeking that relief.

## II. Whether Conversion Occurs Is the Court's Decision, Not Defendant's

Defendant argues the Ohio opinion is "merely legal authority" that cannot trigger Rule 12(d). ECF No. 27 at 2. But Rule 12(d) states that "if, on a motion under Rule 12(b)(6)... matters outside the pleadings are presented to and **not excluded by the court**, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d) (emphasis added).

**The court decides** whether to exclude materials outside the pleadings. Until the Court excludes the Ohio opinion, Plaintiff must prepare to respond to potential summary judgment consideration. That is precisely what Rule 56(d) allows. The Ohio opinion is not general legal authority like *Twombly* or *Iqbal*—it contains factual findings specifically about Google's operations that Google asks this Court to accept as true about this Defendant's conduct.

## III. The Distinction Between "Legal Authority" and "Evidence" Is Not Always Clear

Defendant claims attaching unpublished opinions is routine practice that does not trigger conversion. ECF No. 27 at 2. However:

### A. The Ohio Opinion Contains Factual Findings

The Ohio opinion is not pure legal authority like a published case establishing general precedent. It is a judicial decision specifically about this Defendant, containing factual findings about Google's business model, search functionality, and editorial control—findings Google asks this Court to adopt as true about this specific Defendant's conduct without allowing Plaintiff to test

them through discovery. This fundamental distinction explains why the Court issued a Roseboro Notice: attaching factual findings about the defendant in this case is materially different from citing general legal principles.

**B. Courts Distinguish Between Citing Cases and Relying on Factual Findings**

While courts routinely cite legal precedent on motions to dismiss, relying on another court's factual findings about a defendant's operations is different. Defendant asks this Court to accept the Ohio court's factual determinations about Google's business model without allowing Plaintiff discovery to contest those factual premises.

**C. The Roseboro Notice Reflects Judicial Concern**

The Court issued a Roseboro Notice, typically reserved for pro se litigants, and provided 28 days instead of 14 to respond. This suggests the Court itself recognized potential complexity warranting additional procedure and time.

**IV. Plaintiff's Discovery Request Is Narrow and Targeted**

Defendant mischaracterizes Plaintiff's discovery as "sweeping." ECF No. 27 at 3. To the contrary, Plaintiff identified five specific, narrow categories:

1. **Vatican partnership documents** (2009-present) - Relevant to fraudulent misrepresentation and VCPA claims about Google's "Honest Results" policy

2. **Internal communications** about Plaintiff's content (2009-present) - Relevant to tortious interference and intent

3. **Algorithm documentation** - Relevant to causation for all claims

4. **Traffic data** for Plaintiff's website - Relevant to damages

5. **Government coordination documents** - Relevant to state action for constitutional claims

Each category is time-limited, content-specific, and directly relevant to claim elements that cannot be proven without Google's internal records.

## V. Discovery Relates to All Claims, Not Just Common Carrier

Defendant argues the discovery is "disconnected" from the common carrier claim. ECF No. 27 at 3. This misses the point entirely.

### A. Rule 56(d) Applies to the Entire Case

If the Court treats Defendant's motion as one for summary judgment under Rule 12(d), Plaintiff is entitled to discovery on **all claims** that would be subject to summary judgment, not just the common carrier count. Rule 56(d) does not require discovery to be limited to one claim when multiple claims are at issue.

### B. The Discovery Goes to Multiple Claims

As Plaintiff's Declaration explains (ECF No. 26-1, ¶¶ 23-26):

- **Vatican partnership documents** → fraudulent misrepresentation and VCPA (whether "Honest Results" policy is false)

- **Internal communications** → tortious interference (intent to harm business relationships)

- **Algorithm documentation** → causation for all claims (whether suppression was targeted)

- **Traffic data** → damages for all claims

- **Government coordination** → constitutional claims (state action)

## C. Plausibility Does Not Eliminate Discovery Rights

Defendant argues Plaintiff "must first state a plausible claim" before obtaining discovery. ECF No. 27 at 3-4. But Rule 56(d) exists precisely because plaintiffs cannot always prove plausibility without access to evidence in the defendant's exclusive possession.

The Fourth Circuit has held that "summary judgment should only be granted 'after adequate time for discovery'" and that courts should deny summary judgment "when 'outstanding discovery requests on material issues exist.'" *Goodman v. Diggs*, 986 F.3d 493, 500 (4th Cir. 2021).

## VI. The Scheduling Conference Issue

Defendant's footnote 3 argues that "a scheduling conference at this juncture would be premature" and should "await briefing and disposition of Google's motion to dismiss." ECF No. 27 at 4 n.3.

This demonstrates exactly why Plaintiff's discovery motion was necessary. Defendant seeks to:

1. Avoid any scheduling conference

2. Obtain dismissal before discovery

3. Prevent Plaintiff from accessing evidence needed to oppose the motion

Rule 56(d) prevents precisely this scenario by ensuring plaintiffs can obtain essential discovery before facing summary judgment on claims requiring proof of defendant's internal practices.

## CONCLUSION

Plaintiff filed this motion in good faith reliance on the Court's Roseboro Notice, which explicitly warned of potential summary judgment conversion and identified Rule 56(d) as available relief.

The Court provided 28 days to respond instead of the standard 14, suggesting judicial recognition of the complexity involved.

Whether the Ohio opinion triggers Rule 12(d) conversion is the Court's decision, not Defendant's. Until the Court excludes that material, Plaintiff reasonably seeks the protection Rule 56(d) provides: targeted discovery on specific categories of evidence essential to opposing summary judgment.

The discovery Plaintiff seeks is narrow, specific, and directly relevant to multiple claims requiring proof of Google's internal business practices. Plaintiff has been diligent, the case is only seven weeks old with no discovery yet conducted, and Defendant will suffer no prejudice from allowing targeted discovery before any ruling that considers materials beyond the pleadings.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the Motion for Discovery under Rules 12(d) and 56(d) as requested.

Dated: October 9, 2025

Respectfully submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards
LWR Law Offices
3060 Williams Dr, Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
VA BAR # 96671
Counsel for Plaintiff

---

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, a true and correct copy of the foregoing document was served upon all parties of record via the Court's ECF system.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards