# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF VIRGINIA

# HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE LLC<br><br>*Defendant* | Case No. 5:25-cv-00082 – MFU - JCH<br><br><br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>LWR Law Offices<br>3060 Williams Dr<br>Ste 300 #510<br>Fairfax, VA 22031<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

**<u>EMERGENCY MOTION TO RESTORE ROSEBORO NOTICE TO DOCKET, RULE ON PENDING DISCOVERY MOTION, AND ESTABLISH PROPER RESPONSE DEADLINE - COURT REMOVED NOTICE WITHOUT WARNING, CREATING RESPONSE DEADLINE OF FRIDAY, OCTOBER 17, 2025</u>**

**EMERGENCY NATURE OF THIS MOTION**

Plaintiff discovered today, October 15, 2025, that the Court's Roseboro Notice (previously docketed as ECF No. 25) has been removed from the docket without any notification to Plaintiff and without following the Court's proper correction procedures. This creates multiple immediate crises:

1. **Violation of Basic Notice Requirements**: The Court removed an official notice that established a deadline without providing any ECF notification to Plaintiff. This violates the Court's own Administrative Procedures for transparency in docket corrections, Federal Rule 77(d)'s notice requirement, and basic due process.

2. **Due Process Crisis**: Plaintiff relied on the Notice's 28-day response deadline (October 31, 2025) for responding to the Defendant's Motion to Dismiss when filing a discovery motion on October 7, 2025. If the default 14-day deadline now applies retroactively, Plaintiff's response would be due October 17, 2025 -- this Friday -- giving Plaintiff only two days' notice of a fundamentally changed deadline.

3. **Prejudice to Plaintiff**: The current docket makes Plaintiff's counsel appear to have filed a Rule 56(d) motion in response to a Notice that no longer exists in the record, when in fact Plaintiff acted in good faith reliance on an official Court document.

4. **Undermining Pending Motion**: Plaintiff's Rule 56(d) and Rule 12(d) discovery motion (ECF No. 26) was filed in direct response to the Roseboro Notice and remains pending before Magistrate Judge Hoppe. The silent removal of the Roseboro Notice -- which explicitly warned about Rule 12(d) conversion and referenced Rule 56(d) -- creates

confusion about the basis for Plaintiff's discovery motion, even though the motion was filed in good faith reliance on the Court's official instructions.

Plaintiff requests emergency relief to correct the docket according to proper procedures, obtain a ruling on the pending discovery motion, and receive a proper response deadline with adequate notice.

**FACTUAL BACKGROUND**

**The Original Roseboro Notice**

1. On October 3, 2025, Defendant filed its Motion to Dismiss (ECF No. 23).

2. The same day, the Court issued a Roseboro Notice, docketed as ECF No. 25, titled same. A true and correct copy is attached as Exhibit A.

3. The Roseboro Notice was specifically addressed to Plaintiff and stated: "The purpose of this notice is to advise Plaintiff(s) of his or her right to respond to and oppose the Motion in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Please carefully review this information when preparing your response." Ex. A at 1.

4. The Notice provided: "Plaintiff(s) has **28 days** from the date of this Notice to file a response to the Motion." Ex. A at 2 (emphasis added).

5. The Notice was issued and provided to Plaintiff via ECF October 3, 2025. Ex. A at 2.

6. **Nowhere in the Notice does it state that it applies only to pro se litigants.** The Notice is addressed to "Plaintiff(s)" without qualification. Ex. A.

7. Based on the 28-day deadline, Plaintiff's response to Defendant's Motion to Dismiss would be due **October 31, 2025**.

**Plaintiff's Reasonable Reliance**

8. The Roseboro Notice explicitly warned that Defendant's motion "may" be construed as summary judgment if materials beyond the pleadings are considered, and specifically referenced Rule 56(d) as available relief. Ex. A at 1-2.

9. On October 7, 2025, acting in reasonable reliance on the Court's official Notice, Plaintiff filed a Motion for Discovery under Rules 12(d) and 56(d) (ECF No. 26) in direct response to the Roseboro Notice's warnings and instructions.

10. Plaintiff filed the discovery motion on October 7, 2025, within the 28-day response period established by the Roseboro Notice. Plaintiff then explicitly referenced the Roseboro Notice in Plaintiff's Reply brief (ECF No. 28) filed October 9, 2025, which stated: "Plaintiff filed this discovery motion in direct response to the Court's Roseboro Notice (ECF No. 25)" and explained that the Notice "explicitly warned that Defendant's motion 'may' be construed as summary judgment if materials beyond the pleadings are considered" and "specifically identified Rule 56(d) as available relief." ECF No. 28 at 1-2.

11. The Court referred Plaintiff's discovery motion to Magistrate Judge Hoppe for ruling. ECF No. 26.

12. Defendant filed opposition on October 9, 2025 (ECF No. 27), and Plaintiff filed reply on October 9, 2025 (ECF No. 28).

13. The discovery motion remains fully briefed and pending before Magistrate Judge Hoppe with no ruling yet issued.

**The Improper Removal and Continuing Confusion**

14. On October 15, 2025, Plaintiff accessed the docket and discovered that ECF No. 25 (the Roseboro Notice) has been **removed from the docket entirely**.

15. Plaintiff received **no ECF notification** of this removal—no Notice of Electronic Filing was generated or transmitted.

16. The Court issued no Notice of Correction or any other form of notice regarding the removal of ECF No. 25.

17. **The Roseboro Notice still appears on Court Listener's public database** at https://www.courtlistener.com/docket/71192080/richards-v-google-llc/ where it is listed as "Roseboro Notice," but when users attempt to access the document, it displays as unavailable.

18. Plaintiff had no way to know the Notice was issued in error. The Notice itself contained no disclaimer that it applied only to pro se parties. Plaintiff is not required to second-guess official Court orders.

**The Resulting Crises**

19. If the standard 14-day response deadline now applies retroactively from October 3, 2025, Plaintiff's response would be due **October 17, 2025—this Friday**.

20. This gives Plaintiff only **two days' notice** that the deadline changed from October 31 to October 17.

21. Plaintiff has been appropriately waiting for Magistrate Judge Hoppe's ruling on the discovery motion before preparing the response to the Motion to Dismiss, as contemplated by the briefing on ECF No. 26.

22. Plaintiff cannot adequately respond to Defendant's Motion to Dismiss in two days, particularly when Plaintiff's discovery motion remains pending and was filed in direct reliance on the Roseboro Notice that has now been improperly removed.

23. The current state of the docket creates the false appearance that Plaintiff filed a Rule 56(d) motion in response to a Roseboro Notice that never existed, prejudicing Plaintiff's professional reputation when in fact Plaintiff acted in good faith reliance on official Court communications.

**ARGUMENT**

**I. The Court Violated Multiple Federal Rules and Its Own Procedures**

**A. Rule 83(b) - No Disadvantage Without Actual Notice**

Federal Rule of Civil Procedure 83(b) provides: "A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules. **No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal or local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.**"

The Court issued an official Roseboro Notice establishing an October 31, 2025 deadline. By silently removing that Notice without providing actual notice, the Court retroactively imposed a 14-day earlier deadline under Local Civil Rule 11(c)(1) -- effectively disadvantaging Plaintiff for

noncompliance with a deadline change of which Plaintiff had no actual notice. This violates Rule 83(b).

### B. Rule 79(a) - Chronological Docket Requirement

Federal Rule of Civil Procedure 79(a)(2) requires the clerk to enter items "chronologically in the docket" including "papers filed with the clerk" and "orders." Rule 79(a)(3) requires each entry to "show the nature of the paper filed or writ issued" and "the substance and date of entry of each order."

By **removing** ECF No. 25 entirely rather than making a chronological corrective entry, the Court violated Rule 79's requirement that the docket maintain a chronological record. The proper procedure under Rule 79 would have been to keep ECF No. 25 in the docket and make a new chronological entry explaining the correction, not to delete it and leave a gap in the record.

### C. Rule 77(d) - Notice of Orders

Federal Rule of Civil Procedure 77(d)(1) requires: "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket."

When the Court removed ECF No. 25, it effectively changed the response deadline from October 31 to October 17—a substantive change that required notice under Rule 77(d). No such notice was provided.

### D. This Court's Administrative Procedures and Basic Due Process

This Court's Administrative Procedures for Electronic Case Filing, Section T (Correcting Docket Entries), establish procedures for correcting docket entries that include issuing Notices of

Correction with ECF notification to all parties. While Section T specifically addresses corrections to party filings, the underlying principle—that docket changes require notice to affected parties—applies with even greater force to court-generated notices that establish deadlines. When a docket entry needs correction, the Clerk's Office should either:

1. Issue a Notice of Correction and generate a Notice of Electronic Filing to alert counsel; or

2. Leave the original text and add a new docket entry explaining the error and modification, which also generates a Notice of Electronic Filing.

Even if Section T does not strictly apply to court-generated notices, basic due process principles and Rule 77(d)'s notice requirement apply with equal or greater force. The Court cannot silently remove an official notice that established a deadline without providing any notification to the party who relied on it.

## E. National Records Policy - Permanent Docket Sheets

The Judicial Conference-approved Records Disposition Schedule 2 (Guide to Judiciary Policy, Vol. 10, Ch. 6, Appx. 6B) classifies "docket sheets" as Permanent records to be transferred to the National Archives after 25 years. This permanence policy is fundamentally inconsistent with silently deleting docket entries. Corrections should be visible on the permanent record, not erased as if they never existed.

## F. Fourth Circuit Practice

In the Fourth Circuit, when the clerk modifies docket text, the CM/ECF system issues a second Notice of Docket Activity to alert participants—not a silent change. The removal of ECF No. 25 violated this established practice.

**II. Due Process Requires Notice Before Changing Court-Imposed Deadlines**

**A. Plaintiff Had No Duty to Disregard Official Court Orders**

The Roseboro Notice was an official Court document, issued by the Clerk, specifically addressed to Plaintiff, providing explicit instructions to "carefully review this information when preparing your response." Ex. A at 1.

Plaintiff is not required to guess which Court orders to follow and which to ignore. The Notice contained no disclaimer that it applied only to pro se parties. A reasonable attorney receiving such a notice would follow its instructions, as Plaintiff did.

**B. Plaintiff Reasonably Structured Litigation Strategy Around the Deadline**

Plaintiff structured the entire litigation strategy around the October 31 deadline. When filing the discovery motion on October 7, Plaintiff calculated that briefing could be completed and Judge Hoppe could rule before the October 31 deadline. That reasonable reliance cannot now be retroactively undermined by silent removal of the Notice.

**C. No Notice of the Change Was Provided**

Due process requires notice before changing court-imposed deadlines. Here, Plaintiff received:

- No ECF notification that ECF No. 25 was being removed

- No communication from the Court about any change

- No opportunity to be heard before the change occurred

**D. Retroactive Application Would Be Inequitable**

Even if the Roseboro Notice was issued in error, fundamental fairness prohibits retroactive application of the corrected deadline. Plaintiff relied on the 28-day deadline for 12 days (October 3-15) before discovering the removal. The Court cannot now impose an impossible two-day deadline based on retroactive application of a change made without notice.

**III. The Pending Discovery Motion Must Be Resolved Before Any MTD Response Deadline**

Plaintiff's discovery motion (ECF No. 26) was filed in direct response to the Roseboro Notice and remains pending before Magistrate Judge Hoppe. **The Court should rule on this motion before imposing any deadline for responding to the Motion to Dismiss.**

**A. The Discovery Motion Was Filed Based on Court Instructions**

The Roseboro Notice specifically warned that Defendant's motion "may" be construed as summary judgment if materials beyond the pleadings are considered, and explicitly referenced Rule 56(d) as available relief. Ex. A at 1-2. Plaintiff followed these instructions by filing a discovery motion on October 7, 2025.

If the Court now retroactively removes the Roseboro Notice without correction or explanation, it creates the false appearance that Plaintiff filed a discovery motion without any basis, when in fact Plaintiff was following explicit Court instructions.

**B. Judge Hoppe Should Rule Before Deadline Clarification**

Magistrate Judge Hoppe has had the fully-briefed discovery motion since October 9, 2025. The motion asks whether Plaintiff is entitled to discovery before responding to the Motion to Dismiss. That question should be answered before any response deadline is imposed.

The proper sequence is:

1. Rule on the discovery motion

2. If discovery is granted, allow time for that discovery

3. Then provide a full response deadline to Plaintiff with proper notice

## C. Plaintiff Is Entitled to Know Whether Discovery Will Be Permitted

The entire purpose of Plaintiff's discovery motion is to determine whether Plaintiff may conduct limited discovery before responding to the Motion to Dismiss. Plaintiff should not be forced to respond to the MTD without knowing whether that discovery will be permitted.

## IV. The Docket Should Be Corrected to Reflect What Actually Occurred

### A. The Current Docket Creates a False Record

The silent removal of ECF No. 25 creates a false record suggesting Plaintiff filed a Rule 56(d) motion in response to a Notice that never existed. This prejudices Plaintiff's professional reputation and creates confusion for anyone reviewing the docket -- including appellate courts if this matter is appealed.

### B. The Notice Still Appears on Public Databases

The Roseboro Notice docket entry still appears on Court Listener's public database, creating further confusion. The public record should accurately reflect what occurred: the Court issued a Notice, Plaintiff relied on it, and parties fully briefed a discovery motion based on that Notice.

**C. Proper Procedure Requires Transparency**

If the Court issued the Roseboro Notice in error, proper procedure under this Court's Administrative Procedures requires either:

1. Restoring the Notice to the docket with a corrective order explaining what occurred, OR

2. Filing a Notice of Correction explaining that ECF No. 25 was removed and establishing new deadlines with proper ECF notice

Silent removal without explanation or notice violates the Court's own procedures and creates the type of confusion those procedures were designed to prevent.

**V. Plaintiff Is Entitled to a Full Response Period After Resolution of the Discovery Motion**

Even if the Court determines the Roseboro Notice was issued in error, Plaintiff is entitled under Local Civil Rule 11(c)(1) to **14 days to respond to any motion**. That 14-day period should run from the date the Court:

1. Rules on the pending discovery motion, AND

2. Issues an order establishing the response deadline with proper ECF notice

Plaintiff should not be penalized for the Court's administrative error by having the response time shortened to two days without notice.

**REQUESTED RELIEF**

Plaintiff respectfully requests that this Court:

**1. Restore ECF No. 25 (the Roseboro Notice) to the docket** so the record accurately reflects what occurred, OR issue a corrective order or Notice of Correction acknowledging that the Notice was issued, that Plaintiff reasonably relied on it, and that the discovery motion was filed in good faith based on Court instructions.

**2. Direct Magistrate Judge Hoppe to rule on Plaintiff's pending discovery motion** (ECF No. 26) before any response deadline to the Motion to Dismiss is imposed.

**3. After Judge Hoppe rules on the discovery motion, provide Plaintiff with a full 14 days from the date of that ruling** (or from the date of this Court's order if the discovery motion is denied) to file a response to Defendant's Motion to Dismiss, with proper ECF notice of the deadline.

**4. Issue an order with proper ECF notice** establishing clear deadlines going forward and explaining the resolution of the Roseboro Notice issue in accordance with the Court's Administrative Procedures.

**In the alternative:**

**5. Confirm that the response deadline remains October 31, 2025** as stated in the original Roseboro Notice, based on Plaintiff's reasonable reliance and due process requirements. Or if the court provides this notice after Friday October 17, provide Plaintiff 14 days from that day to respond to the Motion to Dismiss.

**CONCLUSION**

Plaintiff acted in good faith reliance on an official Court notice. The removal of that notice without following the Court's Administrative Procedures for providing a Notice of Correction and ECF notice creates:

- A violation of the Court's own procedures
- A due process concern
- An impossible two-day deadline
- A false appearance that Plaintiff filed a discovery motion without basis
- Prejudice to Plaintiff's professional reputation
- Confusion in the public record

Plaintiff is not required to second-guess official Court orders. Plaintiff followed the Court's explicit instructions and should not now be penalized for doing so.

The proper remedy is to:

1. Correct the docket in accordance with the Court's Administrative Procedures
2. Rule on the pending discovery motion
3. Provide Plaintiff with a full 14 days after that ruling to respond to the MTD
4. Provide proper ECF notice of all deadlines

---

**WHEREFORE**, Plaintiff respectfully requests that this Court grant emergency relief as set forth above.

Dated: October 15, 2025

Respectfully submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards
LWR Law Offices
3060 Williams Dr, Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
VA BAR # 96671
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, a true and correct copy of the foregoing document was served upon all parties of record via the Court's ECF system.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards