**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

THOMAS RICHARDS,
         Plaintiff,

v.                                                        Case No. 5:25-cv-00082

GOOGLE LLC,
         Defendant.

Lisa Weingarten Richards
VSB #96671
LWR Law Offices
3060 Williams Dr. Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Thomas Richards, through undersigned counsel, respectfully submits this

Notice of Supplemental Authority to inform the Court of the Final Judgment and

Memorandum Opinion entered on December 5, 2025, in *United States v. Google LLC*, Case

No. 1:20-cv-03010-APM (D.D.C.), true and correct copies of which are attached hereto as

Exhibit A (Final Judgment) and Exhibit B (Memorandum Opinion).

**I. BACKGROUND OF THE SUPPLEMENTAL AUTHORITY**

On December 5, 2025, the Honorable Amit P. Mehta of the United States District

Court for the District of Columbia entered a Final Judgment in the consolidated antitrust

actions brought by the United States Department of Justice, multiple State Attorneys General,

and the State of Colorado against Google LLC. This Final Judgment follows the Court's

August 5, 2024 Findings of Fact and Conclusions of Law finding Google liable for Sherman Act Section 2 violations, and the Court's September 2, 2025 remedies-phase Findings of Fact and Conclusions of Law.

The Final Judgment permanently memorializes the judicial determination that Google violated Section 2 of the Sherman Act "by unlawfully maintaining its monopolies in the general search services and general search text advertising markets." Final Judgment at 2.

## II. KEY FINDINGS

The Final Judgment confirms and incorporates several findings directly relevant to Plaintiff's claims in this action:

**Adjudicated Monopoly Power:** The Final Judgment definitively establishes Google's monopoly status in "general search services" -- defined as software or services that produce "links to websites and other relevant information in response to a user query or prompt" and that seek "to fulfill a broad array of informational needs." Final Judgment at 31 (Section IX.K). This is the precise market in which Plaintiff alleges Google has suppressed his religious content.

**Illegal Monopoly Maintenance:** The Court found that Google "acted as [a monopolist] to maintain its monopoly" (Mem. Op. at 51) (quoting United States v. Google LLC, 747 F. Supp. 3d 1, 32 (D.D.C. 2024)) through conduct that violated federal antitrust law. This finding supports Plaintiff's allegations that Google's content suppression constitutes ongoing anticompetitive conduct by an adjudicated illegal monopolist.

**Consumer Harm:** In a related action within the Fourth Circuit, Judge Brinkema found that Google's monopolistic conduct "substantially harmed Google's publisher customers, the competitive process, and, ultimately, consumers of information on the open

web." United States v. Google LLC, No. 1:23-cv-108, slip op. at 115 (E.D. Va. Apr. 17, 2025). This finding is directly relevant to Plaintiff's claims that Google's suppression of his biblical scholarship content harms both Plaintiff and consumers seeking access to his religious materials.

**Third-Party Complaint Mechanism:** The Final Judgment creates a formal complaint process through which "[t]hird parties may submit complaints concerning Google's compliance with this Final Judgment to the Plaintiffs, the TC [Technical Committee], or the Compliance Officer." Final Judgment at 25 (Section VII.C.1). While Section X clarifies this mechanism is "the right to submit complaints" and does not confer other rights or remedies, the existence of this oversight structure reflects the Court's recognition that Google's monopolistic conduct affects third parties beyond the government plaintiffs. (Final Judgment at 35)

## III. RELEVANCE TO THE PLAINTIFF'S CLAIMS

This Final Judgment is relevant to the instant action in several respects:

*First*, the court's inclusion of GenAI products in the remedies -- despite GenAI not being part of the original liability case -- establishes that courts may extend antitrust remedies beyond the precise conduct found unlawful. The Memorandum Opinion rejected Google's argument that remedies must be "tightly shrink-wrapped around the exact contours of liability," holding instead that courts may enjoin "practices connected with acts actually found to be illegal, including practices which are of the same type or class as unlawful acts." Mem. Op. at 17 (citing *Nat'l Soc'y of Pro. Eng'rs v. United States*, 435 U.S. 679, 698 (1978), and citing Rem. Op. at 60 (first citing *United States v. U.S. Gypsum Co.*, 340 U.S. 76, 89 (1950); then citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 132 (1969))). The court reasoned that "Google cannot be permitted to replay its illegal conduct" in related

contexts. *Id.* The court further held that "once the Government has successfully borne the considerable burden of establishing a violation of law, all doubts as to the remedy are to be resolved in its favor." Id. at 5 (quoting *United States v. E.I. du Pont de Nemours & Co.*, 366 U.S. 316, 334 (1961)). This principle directly supports Plaintiff's claims that Google's systematic content suppression constitutes exclusionary conduct "of the same type or class" as the distribution-focused violations established in the DOJ prosecution.

*Second*, while Section X of the Final Judgment disclaims private rights of action arising from the judgment itself, that disclaimer does not foreclose this Court's consideration of the remedial principles articulated therein. The D.D.C. court was not asked to decide whether individual content creators harmed by Google's monopolistic conduct have independent causes of action -- that question was not presented. The disclaimer prevents parties from bootstrapping the Final Judgment into a standalone cause of action, but it does not preclude this Court from applying the same legal reasoning -- that remedies may address conduct "of the same type or class" as proven violations -- to claims properly before it. Plaintiff's claims arise under independent constitutional, statutory, and common law theories; the Final Judgment serves as persuasive authority on Google's adjudicated monopoly status and on the scope of remedies courts may fashion against this defendant.

*Third,* the Final Judgment conclusively establishes that Google possesses and has illegally maintained monopoly power in general search services -- the market directly at issue in Plaintiff's complaint. Plaintiff need not relitigate the question of whether Google is a monopolist; a federal court has definitively ruled that it is.

*Fourth*, the scope of remedies imposed -- including prohibitory injunctions against tying arrangements, mandatory data sharing with qualified competitors, and establishment of a Technical Committee with authority to access Google's "source code and algorithms" (Final

Judgment at 20) -- reflects the severity and breadth of Google's anticompetitive conduct.
These extensive remedies underscore the magnitude of Google's anticompetitive conduct and
its effects on the information ecosystem.

## IV. CONCLUSION

The Final Judgment in *United States v. Google LLC* represents the culmination of the
federal government's antitrust prosecution of Google and permanently establishes Google's
status as an illegal monopolist in general search services. The Memorandum Opinion's
recognition that courts may enjoin conduct "of the same type or class" as proven violations --
and its application of that principle to extend remedies to GenAI despite GenAI not being
part of the liability case -- provides direct support for this Court's authority to address
Plaintiff's claims of content suppression by this same adjudicated monopolist in this same
market.

Plaintiff respectfully requests that the Court take judicial notice of this Final Judgment
and Memorandum Opinion in considering the pending matters in this case.

Dated: December 27, 2025

Respectfully submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards
VSB #96671
LWR Law Offices
3060 Williams Dr. Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2025, I electronically filed the foregoing Notice of Supplemental Authority with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards